**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                             No. 03-4119

RAWLE ANTHONY COLE, a/k/a Danny,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-98-1126-JFA)

Submitted: November 19, 2003

Decided: December 8, 2003

Before WILKINSON and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

**COUNSEL**

Andrew R. MacKenzie, BARRETT MACKENZIE, L.L.C., Green-
ville, South Carolina, for Appellant. Marshall Prince, OFFICE OF
THE UNITED STATES ATTORNEY, Columbia, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In a previous appeal, this court affirmed Rawle Anthony Cole's convictions for conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841, 846(a)(1) (2000), and carrying a firearm in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c), (o) (2000). However, the court vacated Cole's sentence on the conspiracy count and remanded the case to the district court for resentencing to a term of not more than twenty years for that offense. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Cole now appeals from the 240-month sentence the district court imposed on remand. Cole's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues for appeal, but asserting that the district court erred in denying Cole's motion for a downward departure due to an "extraordinary physical impairment." *See U.S. Sentencing Guidelines Manual* § 5H1.4 (2002). Cole was informed of his right to file a pro se brief, but has not done so. Because our review of the record discloses no reversible error, we affirm in part and dismiss in part.

Prior to resentencing, Cole moved for a downward departure based on his cancer diagnosis. The district court considered the medical evidence and declined to depart. Where the sentencing court was aware of its authority to depart and simply declined to do so, we lack authority to review its decision. *See United States v. Edwards*, 188 F.3d 230, 238-39 (4th Cir. 1999); *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). Here, the district court was aware of its authority to depart, but concluded that a departure was not warranted in this case. We lack authority to review this decision and therefore dismiss this portion of the appeal.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Cole's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*